[No. 7,873.—Department Two.]

## HENRY CHARLES *v.* WILLIAM M. DAVIS ET AL.

LEASE—CROP—ABANDONMENT—RIGHT OF LESSOR TO HARVEST CROP.—By the terms of a lease the lessees were to hold the land long enough to raise a crop of barley, and to deliver to the lessor as rent a fourth of the crop, after it was harvested and sacked. The lessees having failed to harvest the crop until it was about to be lost, and having abandoned the land, the lessor harvested it at an expense of more than twice its market value.

*Held:* It was the duty of the lessees to harvest and remove the crop within a reasonable time; and upon their failure to do so, the lessor had the right to re-enter.

ID.—ID.—ID.—ID.—CREDITORS.—Under these circumstances, the lessees had no interest in the crop which their creditors could reach.

APPEAL from a judgment and an amended judgment for the plaintiff, and from an order denying a new trial, in the Superior Court of the County of Los Angeles. HOWARD, J.

*T. Lynill* and *Smith, Brown & Hutton,* for Appellants.

*Eastman, Haley, King & Robarts,* for Respondent.

SHARPSTEIN, J.:

The finding of the Court, that the lessees abandoned the leasehold and crop, is so far sustained by the evidence as to forbid our disturbing it. By the terms of the lease the lessees were to hold the land long enough to raise a crop of barley, and then redeliver the land to the lessor. It was the duty of the lessees to harvest and remove the crop within a reasonable time after it became ripe, and if they did not, the lessor had a right to enter and resume possession. This he did when the crop was on the point of being lost. Neither of the lessees returned until after harvest time. After that time they had no right to occupy the land, because their term expired as soon as the proper period for harvesting and removing the crop terminated. And it does not appear that they, or either of them, ever made any claim to the crop after they left the premises.

The alternative which presented itself to the lessor was, to harvest the crop or let it go to waste. He adopted the first, as he had a perfect right to, particularly as he had received no rent and was entitled to one fourth of the crop after it was harvested and put in sacks by the lessees, for the use of the land.

The harvesting of the barley and putting it into sacks, cost more than twice its market value. Under these circumstances, we are unable to perceive that the lessees had any interest in it which their creditors could reach.

Judgment and order affirmed.

THORNTON and MYRICK, JJ., concurred.